[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Waterbury Housing Authority ( the "Authority" ), brings this summary process action against the defendant, Rose Lebel, seeking judgment of possession of Ms. Lebel's apartment, which is located in the Bergin Building, a complex which provides federally subsidized apartments for elderly and handicapped tenants. Ms. Lebel is a 36-year-old woman who suffers from a neurological disorder which causes her to fall frequently. In addition, she is legally blind and sometimes depressed.
The Authority concedes that Ms. Lebel is physically disabled within the meaning of Conn. Gen. Stat. 47a-23c
(a)(1)(c) and enjoys the protection provided in the statute for physically disabled tenants. However, the Authority claims the right to evict the defendant under Conn. Gen. Stat. 47a-23c(b)(1) for violations of her lease and for nuisance. The defendant contests the Authority's claim to have established sufficient grounds for eviction under that statute and further alleges by way of special defenses that the Authority is prohibited from evicting her under federal law, the Civil Rights Act of 1968 and the Rehabilitation Act of 1973.
Ms. Lebel moved into Apartment 5-N in the Bergin Building in December, 1989. Thereafter, two tenants complained repeatedly to the Authority of noise in the form of banging sounds from Ms. Lebel's apartment, and also that they could hear Ms. Lebel crying. One of the two tenants lives in the apartment next to Ms. Lebel; the other, who died shortly before trial, lived in the CT Page 6112 apartment below Ms. Lebel's.
Ms. Lebel admits that she falls as a result of her neurological condition and acknowledges that there is noise when she falls because she wears a motorcycle helmet to protect her head. The noise is caused by her helmet hitting a wall or furniture or the floor. She further admitted that she does drop things, perhaps once a week, although most of the noise she causes is from her helmet. She also acknowledges that she does cry, but estimates the frequency at once per week.
In addition to these disturbances, the Authority claims that Ms. Lebel has violated her lease by causing damage to the apartment. As a result of losing her balance and falling the defendant has caused damage to the apartment, including damage to the walls, a broken mirror in the bathroom, damage to the medicine cabinet in the bathroom, a bathroom sink which is pulled away from the wall, two broken electrical outlets (coverplates removed), a broken electrical light fixture on the wall, damage to a kitchen cabinet door, and the bathroom door loose from its bottom hinge. Most of this damage is caused when the defendant loses her balance, falls and reaches out to grasp for anything to support herself. The remaining damage was caused by the defendant's use of her motorized wheelchair. Because of her sight limitations and the motorized component, the defendant found it difficult to control the wheelchair. She no longer uses it because she doesn't want to cause any more damage.
Some of the damage has been repaired by the Authority and has not recurred. None of the damage was caused by any intentional act or abuse by Ms. Lebel.
The final breach of the lease alleged by the Authority is that Ms. Lebel fails to dispose of her garbage and trash properly. Ms. Lebel's neighbor testified that when Ms. Lebel uses the trash chute located in the hallway she misses the opening with the result that trash is spilled in the hallway. The tenant claimed that this happens almost every day.
This is the weakest of the Authority's claims. Only one witness testified to the problem. Neither the project manager nor the Authority's director of housing testified to having observed trash spills in the hallway nor to having received complaints from other tenants with respect to trash spills. The court finds, based on Ms. Lebel's testimony, that she has in rare instances caused a trash CT Page 6113 spill and when she has done so, she has attempted to immediately clean it up.
The issue for the court is whether any of this conduct satisfies the grounds for eviction set forth in Conn. Gen. Stat. 47a-23c(b)(1). The court finds that the evidence is insufficient to establish any of the grounds set forth in that section. Although the defendant has violated her lease with respect to creating noise which disturbs her neighbors and with respect to causing damage to her apartment, those violations do not rise to the level required by section 47a-23c
(b)(1) to warrant the eviction of a disabled tenant.
Section 47a-23c is a remedial statute intended to benefit elderly, blind and disabled tenants and should be construed liberally in favor of those tenants. O'Brien Properties v. Rodriguez, et al., 215 Conn. 367, 373 (1990). The statute prohibits a landlord from evicting a disabled tenant for lease violations which are not material. As applied to this case, section 47a-23c requires the Authority to prove one of three grounds for summary process: (1) "Material noncompliance with section 47a-11 which materially affects the health and safety of the other tenants. . ." section 47a-23c(b)(1)(C); (2) material noncompliance with section 47a-11 "which materially affects the physical condition of the premises;" section 47a-23c(b)(1)(C); or (3) "material noncompliance with the rental agreement." Section 47a-23c(b)(1)(D). The Authority has failed to establish any of these grounds.
With respect to the first ground, the plaintiff offered no evidence that any of the defendant's conduct "materially affects the health and safety of the other tenants." Assuming arguendo, that the plaintiff has shown material noncompliance with Conn. Gen. Stat. Section 47a-11, the plaintiff must also prove that the noncompliance has a material affect on the health and safety of other tenants. The only health or safety issue raised by the Authority was in its post-trial brief, which cites "the potential for injury and fire." The brief focuses on the two uncovered electrical outlets and the broken wall light fixture as creating a potential fire hazard. However, there was no evidence as to any potential electrical hazard. Furthermore, the evidence which was presented showed that both the outlets and the wall light were repaired by the Authority without any further recurrence of problems. The Authority presented no evidence that any conduct by the defendant has had or poses in the future any material affect on the health and CT Page 6114 safety of other tenants.
The Authority also claims the right to evict the defendant for conduct which constitutes a nuisance, in violation of section 47a-11(g). This section incorporates the definition of nuisance found in Conn. Gen. Stat.47a-32. The plaintiff's argument falls short, however, in failing to recognize that conduct constituting a nuisance is not sufficient by itself to constitute grounds for the eviction of a disabled tenant. Section 47a-23c
(b)(1)(r) requires not only a material violation of section47a-11, which includes nuisance, but also that such conduct "materially affects the health and safety of other tenants." Although the defendant's conduct may disturb her neighbor from time to time, no showing was made of a material affect on the "health and safety" of other tenants.
With respect to the second possible basis of eviction, it is not disputed that the defendant's difficulty in operating her motorized wheelchair and her constant falling have caused physical damage to the apartment. The court finds that this damage, all negligently or accidentally done, constitutes a violation of section 47a-11(f). However, the plaintiff failed to establish that this breach of section 47a-11 "materially" affects the physical condition of the premises. Some of the damage done has been repaired by the Authority, apparently without objection. The remaining damage eludes a finding of materiality. No photographs of the evidence were offered. No cost estimates to repair were offered. The defendant has stopped using the wheelchair to avoid further damage and has proposed a renovation of the apartment without cost to the landlord. The renovation, to be done by a company which specializes in adapting dwellings to provide independent living for persons with handicaps, will make the apartment more suitable for the defendant to minimize falls, will repair some of the damage already done, including the sheetrocked walls, and will avoid future damage. Based on these facts, the court cannot find that the violation of section47a-11(f) has materially affected the condition of the premises or that it will do so in the future.
The final possible basis of eviction under section47a-23c(b)(1) is material noncompliance with the rental agreement. By negligently damaging the apartment and by causing noise which disturbs a neighbor, the defendant has failed to comply with provisions of her lease. (None of the other conduct of the defendant is found to violate the lease.) The issue for the court is whether such lease CT Page 6115 violations are material. The court finds that they are not. The property damage is is not material for all the same reasons, set forth above, that the damage was not found to have materially affected the premises.
With respect to the noise created by the defendant's falling, there is no doubt that this has disturbed a neighbor. However, it must be noted that only one tenant testified to being disturbed and her testimony was shown to be somewhat exaggerated. The tenant first testified that she was disturbed by the defendant's noise every day from morning until night. Later, she conceded on cross-examination that she is not disturbed on a daily basis because the defendant resides at her mother's house at least three days each week. Moreover, the disturbance is not so great that the neighbor has ever requested a transfer to a different apartment.
If the defendant's apartment is renovated as proposed, future disturbances should be minimized. In addition, the rehabilitation engineering company has recommended a different type of helmet for the defendant, a lighter weight, more effective helmet which should cause less damage and make less noise when the defendant falls. The noise disturbance does not constitute a material violation of the lease.
The plaintiff has failed to establish any of the possible grounds set forth in section 47a-23c(b)(1) for the eviction of the defendant. The defendant cannot be evicted in accordance with state law. It is therefore unnecessary to reach any of the defenses raised by the defendant under federal law.
Judgment is entered for the defendant.
Vertefeuille, J.